**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JASON VANORDEN et al.,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>BANNOCK COUNTY et al.,<br><br>        Defendants-Appellees. | No. 16-35845<br><br>D.C. No. 4:14-cv-00303-REB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Submitted April 10, 2018[**]
Seattle, Washington

Before:  TASHIMA and GRABER, Circuit Judges, and MIHM,[***] District Judge.

Garth and Julie VanOrden brought this action on behalf of their deceased

son, Plaintiff Jason VanOrden ("Jason").  As relevant here, Plaintiffs assert that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

Defendants failed to protect Jason and were deliberately indifferent to a substantial risk of serious harm to him, in violation of the Eighth Amendment. Plaintiffs timely appeal from a summary judgment in favor of Defendants. On de novo review, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir. 2004), we affirm.

1. We asked the parties to brief the question whether the subjective standard for medical deliberate-indifference cases articulated in Simmons v. Navajo County, 609 F.3d 1011 (9th Cir. 2010), is clearly irreconcilable with our later decision in Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017). We conclude that we need not answer that question in this case, because the result is the same under either test.

2. There is no evidence in the record to suggest that a reasonable officer would have appreciated that there was a substantial risk of Jason's tragic suicide, nor is there any evidence that any Defendant subjectively was indifferent to such a risk. For example, during booking, Jason was asked whether he had any thoughts of suicide, whether he had any suicidal history, whether he ever thought about committing suicide in the past, whether he was currently thinking about suicide, whether anyone in his immediate family had committed suicide or attempted to do so, and whether he needed any kind of special care. He answered "no" unequivocally to all those questions. After booking, a nurse examined Jason and

2

found no indicator suggesting that a suicide watch was needed.  Nonetheless, because Jason was under the influence of methamphetamine, he was placed on "closed custody" for two days, during which he was monitored every 15 minutes.  Again, at the end of the two-day period, a nurse examined Jason and, again, found no indicator of suicidal tendencies.  In the circumstances disclosed in this record, neither the objective nor the subjective standard is met.

**AFFIRMED.**